No. 6842.

THE STATE vs. ALONZO BROOKS AND JOHN BROOKS, SR.

One who has not resided within the parish in which a certain case is tried, for one year next preceding the trial, is not qualified to serve as a juror in that case.

Where two persons are jointly charged with the commission of a crime, the State is entitled, on a proper showing, to a continuance as to *both*, even though one of the accused is ready for, and demands a trial.

APPEAL from the Fifth Judicial District Court, parish of East Feliciana. *McVea, J.*

*H. N. Ogden,* Attorney General, for the State.

*W. F. Kernan* and *T. B. Lyons* for defendant.

The opinion of the court was delivered by

MANNING, C. J. The defendants were indicted for murder. John was acquitted. Alonzo was convicted of manslaughter, and sentenced to confinement in the Penitentiary for ten years. He appeals, and assigns for error,

1. That a juror, having been tendered, disclosed in his testimony on the *voir dire* that he had not resided in this State twelve months, and was ordered by the court for that reason to stand aside.

The qualifications of a juror are that he shall be a citizen, and a *bona fide* male resident of the parish in and for which the court is to be holden for one year next preceding such service, not under interdiction, or charged with any infamous crime, or offense punishable by hard labor, provided etc. Acts 1877, p. 55.

The juror had not the qualification of a residence in the parish for one year next preceding the trial, and was properly rejected from the panel by the court.

2. At the May term, the defendants' counsel moved a severance of

trial, which was refused. The State at the same term applied for and obtained a continuance as to both defendants because of the absence of a material witness. When this application was made by the State, John Brooks announced himself ready for trial, but the court continued as to both. The error assigned is in refusing the severance.

No trial was had at that term, or could be had of either defendant, since the State had asked a continuance, made a proper shewing, and obtained it. The defendant who was not permitted to go to trial then, notwithstanding his announcement of his readiness, was acquitted, and of course is not complaining. The trial was had at the ensuing term in Oct. 1877.

The convicted party relies upon the law which provides that when two or more persons shall be charged jointly with the commission of any crime in the same indictment, and the cause is continued as to one or more of the parties, the others so indicted shall be admitted to trial, unless the State can shew good cause for a continuance; no one so indicted shall be deprived of a trial in consequence of a continuance of the case as to any of the other parties thus indicted. Rev. Stats. 1870 sec. 999.

The cause was continued as to both. There was not here a continuance as to one, and a deprivation of trial by the other in consequence of the continuance of the case as to that one. The State shewed good cause for the continuance of the trial of both, and the law invoked is not applicable to such case. It is not included in its terms.

We see no error in the ruling of the court, and the judgment is therefore affirmed.